JOHN P. HUNT

*v.*

CLARA HUNT.

1. A husband has the right to choose the place of residence for his family.

2. Repeated refusals by a wife to live with her husband in the place of residence chosen by him, without a justifying cause, constitutes such desertion as entitles him to a divorce.

Bill for divorce. On final hearing on pleadings and proofs.

*Mr. F. W. Stevens*, for complainant.

*Mr. B. A. Vail*, for defendant.

THE CHANCELLOR.

The bill is filed for a divorce for desertion. The parties were married in 1856, in Wisconsin. They lived together at various places in the west until 1862, when they removed from Detroit to the east. He came to the city of New York, and she went on a visit to New Hampshire. He set about establishing himself in the legal profession in New York, and appears to have succeeded in doing so. In 1863 she went from New Hampshire, where her husband had been paying her board, and returned to Wisconsin, against

Hunt *v.* Hunt.

her husband's wishes. He appears to have been desirous that she should come to New York and live with him there. Notwithstanding her unwillingness to live with him, he supported her in Wisconsin until about the year 1870, when he ceased. She appears not to have replied to his letters after December, 1864. They had two children of the marriage, daughters. Both were with her in the west. One of them died in 1864. The defendant did not inform her husband of the sickness or death of the child, but requested a stranger to him to communicate the fact of the child's death to him, and it was by this means alone that he was apprised of it. The other child ceased to reply to his letters in 1869. He requested his wife to come and live with him in New York in 1867, but she made no response to his letters conveying the request.

In her answer to the bill in this cause, she stated that she had always been ready and willing to live with him upon his furnishing a suitable home for her and her children. In August, 1875, after the filing of the answer, he sent a request to her by a friend to come to him, and live with him in New York, and provided means for her journey, and offered to meet her at Chicago. Her reply was, that she could not think of it; that she could not think of giving up her arrangements in Wisconsin; that she could not break up all her arrangements and plans in compliance with that letter, and added that she could not comprehend the meaning of the message. Her whole conduct shows a determination to live separate from her husband. Her testimony on this point is evasive and entirely unsatisfactory. Her husband had a right to choose the place at which they were to reside. He selected the city of New York. She was unwilling to go there, and preferred to live in Wisconsin. It was her duty to live with her husband in the place which he so designated, and when she refused to do so, it was, in law, a desertion. For more than three years before the filing of the bill she was living apart from

her husband, after refusing to return to him without any justifying cause. The complainant has been a resident of this state since the year 1870.

There will be a decree of divorce from the bond of matrimony for the cause of desertion.